UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY A.,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Hon. Robert J. Jonker

Case No. 1:24-cv-1135

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human*

*Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff filed applications for DIB and SSI on June 28, 2021, alleging that she had been disabled since January 17, 2020, due to degenerative spinal stenosis, degenerative disc disease, bipolar disorder, post-traumatic stress disorder (PTSD), depression, anxiety, and attention deficit disorder. (PageID.121, 286–95, 297–98.) Plaintiff was 44 years old on her alleged onset date and

46 years old at the time she filed her applications. (PageID.121.) Plaintiff had obtained a GED and had previous work in composite jobs of front desk clerk/laundry laborer/night auditor and service station attendant/kitchen helper; and jobs of cleaner, housekeeping; telephone sales representative; and supervisor, telephone clerks. (PageID.42, 319–20.) Plaintiff's applications were denied initially and on reconsideration, after which she requested a hearing before an Administrative Law Judge (ALJ).

On May 11, 2023, ALJ William Reamon held a hearing by online video/telephone and received testimony from Plaintiff, who was represented by counsel, and Sandra Smith-Cordingly, an impartial vocational expert (VE). (PageID.62–118.) During the hearing, Plaintiff's counsel amended Plaintiff's alleged onset date to February 1, 2021. On September 13, 2023, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because she was not disabled from her amended alleged onset date through the date of the decision. (PageID.30–44.) The Appeals Council denied Plaintiff's request for review on August 26, 2024. (PageID.21–24.) Therefore, the ALJ's ruling became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on October 29, 2024.

**ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the insured status requirements of the Act through December 31, 2025, and had not engaged in substantial gainful activity since her amended alleged

---

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

onset date, February 1, 2021, the ALJ found that Plaintiff suffered from severe impairments of lumbar spinal stenosis post lumbar fusion; traumatic brain injury; obesity; chronic infections of the skin; depression; anxiety; and PTSD. (PageID.22–23.)

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.42.) The ALJ considered listings 1.15 (disorders of the skeletal spine resulting in a compromise of a nerve root), 1.16 (lumbar spinal stenosis resulting in compromise of the cauda equina), 8.04 (chronic infections of the skin or mucous membranes), and 11.18 (traumatic brain injury) pertaining to Plaintiff's physical impairments. (PageID.33–34.)

The ALJ found that Plaintiff had the RFC to perform sedentary work within the meaning of 20 C.F.R. §§ 404.1567(a) and 416.967(a), subject to the following limitations:

> [T]he claimant can lift and/or carry up to 20 pounds occasionally and up to 10 pounds frequently. The claimant can stand and/or walk for 2 hours in an 8-hour workday but a medically required hand-held assistive device is required and is necessary for ambulation for distance and frequently for pain-related reasons. The claimant can lift weight with the free hand while using a cane. The cane is not necessary for standing. She can never climb ladders, ropes or scaffolds but can occasionally climb ramps, stairs, balance, and stoop, kneel, crouch or crawl. She must avoid concentrated exposure to extremes of wetness and avoid unprotected heights. The claimant can perform simple tasks on a sustained basis with adequate persistence and pace. She can tolerate occasional contact with the general public. She can tolerate occasional work setting and work process changes commensurate with a simple routine task work setting.

(PageID.35.)

At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as actually or generally performed. (PageID.42.) At step five, however, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the occupations of table worker, bench hand, and final assembler, approximately 180,000 of which existed in the

national economy. (PageID.43–44.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (stating that "[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## **DISCUSSION**

Plaintiff raises two issues in her appeal: (1) the ALJ erred as a matter of law by formulating an RFC that is impermissibly vague; and (2) the ALJ erred as a matter of law by rendering a decision that contained a material misrepresentation of fact. (ECF No. 10 at PageID.1830.)

**I.     RFC Finding**

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Comm'r of Soc. Sec.*, 595 F. App'x 502, 505 (6th Cir. 2014); *see also* SSR 96-8P, 1996 WL 374184, at *1 (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). In determining a claimant's RFC, the ALJ considers medical source statements and all other evidence of record. 20 C.F.R. § 404.1545(a)(3); *see also Reynolds v. Saul*, No. 4:20-CV-83, 2021 WL 2169091, at *4 (W.D. Ky. May 27, 2021) ("The RFC finding is based on a consideration of medical opinions and all other evidence in the case record, including a claimant's subjective statements about his impairments."). The ALJ's RFC determination must be supported by substantial evidence. *Torres v. Comm'r of Soc. Sec.*, 490 F. App'x 748, 754 (6th Cir. 2012).

Plaintiff's argument concerns the following portion of the ALJ's RFC finding addressing Plaintiff's ability to stand/walk during an eight-hour workday: "The claimant can stand and/or walk for 2 hours in an 8-hour workday but a medically required hand-held assistive device is required and is necessary for ambulation for distance and frequently for pain-related reasons. The claimant can lift weight with the free hand while using a cane. The cane is not necessary for

6

standing." (PageID.35.) Plaintiff contends that this portion contains three undefined or vague terms or limitations that render the RFC invalid. Those terms are "hand-held assistive device," "for distance," and "frequently for pain-related reasons."

### A. Hand-held Assistive Device

Plaintiff contends that the term "hand-held assistive device" is impermissibly vague because the ALJ failed to specify whether the device is a cane, walker, or wheelchair, or whether Plaintiff needs to use each one of these devices interchangeably. (ECF No. 10 at PageID.1834–35.) Plaintiff contends that this error is significant because there is ample evidence in the record that Plaintiff uses all three devices, but asserts that, from the overall record, "the walker is most medically necessary on a regular and consistent basis." (*Id.* at PageID.1835.) As support, Plaintiff cites her hearing testimony that she uses a walker (or sometimes a wheelchair) to get around and can be on her feet only for seven to ten minutes but needs to lean on something such as a table or walker; medical records indicating that she was able to ambulate on her own with a walker, ambulated only short distances within her house with a walker or cane, was observed using a walker, and that her primary care provider had prescribed a wheelchair for difficulty with ambulation; and medical records reflecting her reports of issues with balance. (PageID.97–98, 700, 705, 720–22, 726, 1147, 1162, 1225, 1254, 1571, 1745, and 1748.) Plaintiff further argues that the ALJ never made any findings that a cane was necessary, while he expressly found no medical need for a walker or other assistive device. (*Id.* at PageID.1836–37 (citing PageID.39).) Relatedly, Plaintiff contends that the ALJ's decision is internally inconsistent because he found that a walker or other assistive device is not medically necessary but included a "hand-held assistive device" in his RFC finding. (*Id.* at PageID.1838.)

Plaintiff's arguments regarding "hand-held assistive device" lack merit. First, the ALJ's reference to a "hand-held assistive device" in his RFC finding is not vague. A commonsense reading of the RFC finding shows that the ALJ's reference to "a cane" further limited the term "hand-held assistive device." It is therefore clear that the ALJ intended the device to be a cane. In fact, Plaintiff concedes this point. (ECF No. 10 at PageID.1836 ("The ALJ did not define in the RFC which device was needed for ambulation, even though the ALJ defined it as a cane for distance and pain related reasons.").) Moreover, as Defendant notes, wheelchairs are not considered "hand-held assistive devices." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 100C.6.d. ("Hand-held assistive devices include walkers, canes, or crutches, which you hold onto with your hand(s) to support or aid you in walking.").

The ALJ's exchange with the VE at the hearing further confirms the ALJ's thinking on the issue. When posing the hypothetical to the VE based on the State agency consultant's opinion, the ALJ stated that "they indicate a medically-required handheld assist[ive] device . . . for ambulation . . . [and] the cane would be needed for distance and frequently for pain-related reasons . . . ." (PageID.114.) There is no indication that the ALJ had any other type of device in mind. Similarly, there is no indication that the VE was unclear as to the meaning of "hand-held assistive device." *See Schlyter v. Berryhill*, No. 1:16-cv-1710, 2018 WL 5848944, at *11 (E.D. Cal. Nov. 7, 2018) ("Generally, when the ALJ uses an ambiguous or vague term in a question and the VE does not understand a claimant's limitations, the VE clarifies the claimant's limitations with the ALJ."). Plaintiff's counsel—demonstrating her own understanding that the ALJ's hypothetical encompassed only a cane—asked the VE whether her opinion regarding the three jobs she identified would differ "if the individual required a walker in place of the cane so they use that for standing and ambulating," and the VE responded, "it would not because the jobs I cited are

sedentary so clearly an individual would be capable of utilizing the walker to and from the workstation and -- and to use for breaks." (PageID.116.) Thus, the VE's testimony would have remained unchanged even if the ALJ had intended that the assistive device be a walker rather than a cane. Plaintiff demonstrates no error.

Second, read as a whole, *see Norris v. Comm'r of Soc. Sec.*, 461 F. App'x 433, 440 (6th Cir. 2012) ("So long as the ALJ's decision adequately explains and justifies its determination as a whole, it satisfies the necessary requirements to survive this court's review."), the decision builds the required logical bridge between the evidence and the result to permit meaningful review. *See Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 829-30 (E.D. Mich. 2017) (ALJ decision must provide accurate and logical bridge between evidence and result and must permit meaningful review). In his step 3 finding, the ALJ noted that there was no documented medical need for a walker or any other assistive device. The ALJ noted that medical records from March 29, 2022, and April 12, 2022, indicated that Plaintiff's gait was normal, and that although a May 22, 2022, office note indicated that Plaintiff used a walker, in November 2022, while undergoing aquatic therapy, Plaintiff ambulated to the pool independently and without an assistive device. (PageID.33, 1195, 1254, 1284–86, 1302.) In addition, the ALJ noted that during a February 13, 2023 appointment at U of M neurosurgery, Plaintiff had a normal tandem gait, was able to walk on her heels and toes, and the record did not mention an assistive device. The ALJ further noted that the January 3, 2022 physical assessment by Plaintiff's treating source, Dr. Brittany Rohde, M.D., did not mention a need for any assistive device. (PageID.33–34, 411–12, 1789, 1792.) Later in his discussion of the medical evidence, the ALJ noted that Plaintiff had reported in November 2022 that she was able to walk half of a city block and that she had stood while making Thanksgiving dinner. (PageID.37, 1178, 1186.) In evaluating Dr. Rohde's opinion, the ALJ again noted the lack

of a reference to a need for a walker or other assistive device and found no evidence of medical necessity for such device. (PageID.39.) The ALJ's conclusion is well supported, as Plaintiff points to no "medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)."[2] SSR 96-9p, 1996 WL 374185, at *7 (July 2, 1996). Nonetheless, having found the opinions of State agency consultant Dr. Brophy persuasive, the ALJ incorporated his "hand-held assistive device" and "cane" limitations into his RFC finding (PageID.38), giving Plaintiff the benefit of a more restrictive RFC. Thus, to the extent the ALJ's decision is internally inconsistent (which I do not find), any error is harmless. *Cf. Roberts v. Comm'r of Soc. Sec.*, No. 3:22-CV-51, 2023 WL 4243225, at *17 (N.D. Ohio Jan. 23, 2023) (observing that "numerous cases in this circuit demonstrate that claimants are not prejudiced when an ALJ adopts a more restrictive RFC than an expert recommended").

**B.     For Distance**

Plaintiff next contends that the term "for distance" is impermissibly vague because the ALJ did not specify whether the assistive device was for a "short" distance or a "long" distance. Although Plaintiff asserts that the term would still be vague even if the ALJ had qualified it as "short" or "long," she argues that it is particularly vague and prejudicial given her testimony that she has difficulty with balance because she can only be on her feet for seven to ten minutes and needs something to lean on such as a table or a walker, as well as medical evidence showing that she ambulates only short distances within her house using a walker or a cane. (ECF No. 10 at

---

[2] As Defendant notes, many of the records Plaintiff cites to support her need for a walker were from shortly before or during her rehabilitation following her September 2021 back surgery. (PageID.700, 705, 720–22, 726, 1571.)

PageID.1839–40 (citing PageID.98, 705).) However, there is no indication that anyone at the hearing was confused or unclear as to the scope of the term "distance." The VE did not ask for clarification and expressed her understanding that the assistive device was for use "to and from the workstation" and "for breaks," and confirmed that walking "would not be required for the majority of the productivity of the [identified] job[s]." (PageID.116.) Moreover, "Plaintiff's attorney did not object to the phrase, ask for clarification, nor address the phrase during her cross-examination of the VE, indicating that she, too, understood its meaning." *Robinette v. Astrue*, No. 2:12-cv-145, 2012 WL 5988792, at *6 (E.D. Ky. Nov. 29, 2012).

As for the evidence Plaintiff offers to support her claim that she can only walk "short" distances with a walker or a cane, the sole medical record she cites is from five days after her September 2021 spinal fusion surgery (PageID.705), and the ALJ expressly considered Plaintiff's testimony that she can only be on her feet only seven to ten minutes and needs to lean on something such as a table or a walker, but found Plaintiff's subjective symptoms not fully consistent with the evidence of record showing that Plaintiff demonstrated an ability to stand and walk without a cane or walker on several occasions. (PageID.41.) His finding on this issue was supported by substantial evidence. (PageID.41, 1178, 1195, 1256–58, 1284–86, 1789, 1792.)  Finally, as Defendant notes, none of the jobs the VE identified, which the Dictionary of Occupational Titles classifies as "benchwork occupations," indicates that walking long distances is required to perform the job. *See* DOT 739.687-182, 2992 WL 680217 (table worker); DOT 715.684-026, 1991 WL 679344 (bench hand assembler); DOT 713.687-018, 1991 WL 679271 (final assembler). Thus, Plaintiff fails to demonstrate that inclusion of this phrase rendered the RFC unduly vague.

### C. Frequently for Pain-Related Reasons

Plaintiff contends that the phrase "for pain-related reasons" is impermissibly vague because the RFC fails to define the pain-related reasons requiring an assistive device. (ECF No. 10 at PageID.1841.) Contrary to Plaintiff's argument, the phrase is not vague; it allows for use of a hand-held assistive device (a cane) frequently for pain occurring during ambulation. The source or type of pain is immaterial to the limitation, so long as it interferes with Plaintiff's ability to ambulate. As with the phrase "for distance," no one at the hearing—the VE or Plaintiff's counsel—sought clarification of the phrase "for pain-related reasons" or indicated any issue with its application.

Plaintiff asserts that this particular phrase "is problematic because there is ample proof that supports a finding that the pain related 'reason' the assistive device is needed, is to assist with *balance problems* caused by the Plaintiff's pain and symptoms." (ECF No. 10 at PageID.1841.) But assuming this is true, the RFC specifies use of a cane for ambulation "frequently for pain-related reasons," which accounts for Plaintiff's alleged pain-related balance problems. To the extent Plaintiff's argument is that the ALJ should have included a limitation for use of a hand-held device for balance while standing, it is unpersuasive. As noted, the ALJ found persuasive the State agency medical consultants' medical findings, including that the hand-held assistive device is not necessary for standing. (PageID.38.) Plaintiff takes no issue with the ALJ's evaluation of these opinions. In addition, most of the evidence Plaintiff cites pertains to her use of a walker or a cane for ambulation, not standing. (PageID.700, 705, 720–22, 726, 1225, 1254, 1571, 1745, 1748.) Further, as already noted, the ALJ considered Plaintiff's testimony regarding her need for something to lean on while standing but found her subjective complaints not fully consistent with or supported by the evidence of record—a finding supported by substantial evidence. (PageID.41.)

Last, Plaintiff's contention that the ALJ's questions posed to the VE were insufficiently precise because they omitted a balance-related limitation is unpersuasive. "An ALJ is only required

to incorporate into a hypothetical question those limitations he finds credible." *Lee v. Comm'r of Soc. Sec.*, 529 F. App'x 706, 715 (6th Cir. 2013); *see also Carrelli v. Comm'r of Soc. Sec.*, 390 F. App'x 429, 438 (6th Cir. 2010) (noting "[i]t is . . . 'well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact'") (quoting *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). Here, the ALJ incorporated limitations he found supported by the evidence.

## II.     Step-Three Finding

Plaintiff contends that the ALJ's step 3 finding regarding listings 1.15 and 1.16 contained a material misrepresentation of fact. That is, Plaintiff contends that the ALJ's finding that "there is no documented medical need for a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands" (PageID.33), ignores the evidence Plaintiff cites pertaining to her need for a walker and her inability to ambulate independently without it. (ECF No. 10 at PageID.1883–44.)

Contrary to Plaintiff's argument, the ALJ did not misrepresent the record. To meet the requirements of listings 1.15 and 1.16, a claimant must present evidence of, among other things, "[a] documented medical need (*see* 1.00C6a) for a walker, bilateral canes, or bilateral crutches (*see* 1.00C6d) or a wheeled and seated mobility device involving the use of both hands (*see* 1.00C6e(i))." 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 1.15D1, 1.16D1. The regulations define "documented medical need" as "evidence from a medical source that supports your medical need for an assistive device (*see* 1.00C2b) for a continuous period of at least 12 months (*see* 1.00C6a)" and that "describe[s] any limitation(s) in your upper or lower extremity functioning and the circumstances for which you need to use the assistive device." *Id.*, § 1.00C6a. Plaintiff points to

13

no evidence in the record that satisfies these requirements. Moreover, as noted above, the ALJ discussed evidence in the record confirming his finding that Plaintiff did not have a "documented medical need" for an assistive device. (PageID.33–34.)

Therefore, this claim of error lacks merit.

## CONCLUSION

For the reasons stated herein, I recommend that the Commissioner's decision be **affirmed.**

Dated: May 27, 2025                         /s/ Sally J. Berens
                                                             SALLY J. BERENS
                                                             U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).